IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEXANDER JOHN STRUTZ,

    Plaintiff,

vs.                            Case No. 19-3098-SAC

WELLPATH HEALTHCARE and
JOHNSON COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.

## O R D E R

Plaintiff has filed a pro se complaint pursuant to 42 U.S.C. § 1983. He is a prisoner at the Johnson County Adult Detention Center (JCADC). This case is before the Court to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the Court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

1

II. Screening standards

Title 28 United State Code Section 1915A requires the Court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. The Court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).

To state a claim under § 1983, a plaintiff must allege 1) the deprivation of a federal protected right by 2) a person or entity acting under color of state law. Schaffer v. Salt Lake City Corp., 814 F.3d 1151, 1155 (10th Cir. 2016). The court will assume for

purposes of this order that defendant Wellcare is an entity acting under color of state law.

The Court will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's claims are. Section 1983 plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008).

III. The complaint

The complaint contains eleven counts. Some of the counts involve a collision of a security gate at JCADC with a vehicle transporting plaintiff on March 14, 2019. Plaintiff states that he was traveling to court in a vehicle owned and operated by the Johnson County Sheriff's Department when the collision occurred. Plaintiff claims the collision caused head, neck and back injuries and that, since it occurred, his treatment by Wellpath HealthCare at JCADC has been inadequate.

In Count One, plaintiff alleges neglect in maintaining the security gate. He asserts that the gate malfunctioned and caused the collision.

In Count Two, plaintiff asserts that although he walks with a limp and has trouble using stairs, he has been housed in a cell on the second level.

In Count Three, plaintiff claims that he is suffering from constant migraine headaches and sees light flashes at the boundary of his peripheral vision. He asserts that he has severe pain down his leg from a back injury and a numb feeling under his right shoulder.

In Count Four, plaintiff claims that his legal mail is opened without plaintiff being present.

In Count Five, he alleges that he has been diagnosed with a cluster of benign tumors along his lower spine. He asserts that he did not have them before the collision. He complains that he has not received up-to-date medical information on this condition.

In Count Six, plaintiff asserts generally that the "reasonable accommodation standard" has not been met. He also describes how he has been prevented from following a nurse's advice regarding how to alleviate back pain.

In Count Seven, plaintiff claims "medical negligence." Here, he asserts that a doctor disagrees with plaintiff that the pain he is experiencing did not begin until the collision. He also claims that it sometimes takes up to four days to see a medical provider after submitting a sick call request.

In Count Eight, plaintiff alleges that was denied the use of the law library without good reason and that this has prevented him from filing claims in court. He also asserts that he is charged postage for outgoing legal mail.

In Count Nine, plaintiff claims the denial of immediate medical treatment after the collision in violation of the Eighth Amendment. Plaintiff alleges that he had a ringing in his head and saw flashes of light. He further asserts that he has been denied his requests for an appointment with a specialist, for an MRI or a CT-scan, for an extra mattress, and for an extra blanket or towel to use as a medical device.

In Count Ten, plaintiff alleges "mental health violations." He claims he has suffered mood swings, depression, anxiety and panic attacks since the collision.

Finally, in Count Eleven, plaintiff alleges "psychological violations." He claims that he gets extremely anxious and upset whenever he thinks about the collision.

IV. The Johnson County Sheriff's Office is not a suable entity.

This court has often held that governmental sub-units such as sheriff's departments and municipal police departments are not suable entities. To support this holding the court has cited K.S.A. 19-105 which provides that all suits by or against a county shall be brought by or against the board of county commissioners. The court has also cited Tenth Circuit authority. E.g., Brown v.

Sedgwick County Sheriff's Office, 513 Fed.Appx. 706, 707-08 (10th Cir. 3/12/2013)(affirming dismissal of a § 1983 claim against a Kansas county sheriff's office because it is not an entity which may be sued). Other cases rendering this holding include Buchanan v. Johnson County Sheriff's Department, 2019 WL 3453738 *4 (D.Kan. 7/31/2019) and Wright v. Wyandotte County Sheriff's Dept., 963 F.Supp. 1029, 1034 (D.Kan. 1997).

If plaintiff were to name a governmental entity which could be sued, such as the Board of County Commissioners, his claim would still fail as currently alleged. A governmental entity is not liable under § 1983 merely because it employed someone whose actions violated § 1983. Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010)(quoting Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993)). The doctrine of respondeat superior or vicarious liability does not apply. Plaintiff would have to allege facts demonstrating that a county policy caused the alleged constitutional violation.[1] See Connick v. Thompson, 563 U.S. 51, 60-61 (2011).

---

[1] A policy or custom could be substantiated with facts showing: "(1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused." Bryson, 627 F.3d at 788 (interior quotation marks omitted).

6

V. The complaint does not allege plausible grounds for suing Wellpath HealthCare under § 1983.

As with a governmental entity, a private corporation treated as acting under color of state law under § 1983, may not be held liable based upon respondeat superior – that is, solely because it employs someone who violated the Constitution. See Rascon v. Douglas, 718 Fed.Appx. 587, 589-90 (10th Cir. 2017); Spurlock v. Townes, 661 Fed.Appx. 536, 545 (10th Cir. 2016); Green v Denning, 465 Fed.Appx. 804, 806 (10th Cir. 3/9/2012); Livingston v. Correct Care Solutions, 2008 WL 1808340 *1-2 (D.Kan. 4/17/2008). Plaintiff must allege facts showing a policy or a custom of Wellpath HealthCare that caused his injury. See Wabuyabo v. Correct Care Solutions, 723 Fed.Appx. 642, 643 (10th Cir.) cert. denied, 139 S.Ct. 427 (2018).

Plaintiff has failed to allege facts plausibly showing that the inadequate care described in his complaint was the product of a policy or custom of defendant Wellpath HealthCare. Therefore, the claims against Wellpath are subject to dismissal.

VI. Negligence does not support a § 1983 claim.

It is well established that negligence is not a basis for liability under § 1983; liability must be predicated upon a deliberate deprivation of constitutional rights. Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007); Smith v. Miller, 2019 WL 2103122 *2 (D.Kan. 5/14/2019). Plaintiff alleges

negligence in the maintenance of a security gate and negligence in providing medical care. See Counts One and Seven. Other counts also do not allege facts describing a deliberate deprivation of constitutional rights. See Counts Four, Five, Nine, Ten and Eleven.

VII. <u>The complaint does not plausibly allege a denial of access to the courts through limits upon the use of a law library.</u>

Plaintiff asserts, in Count Eight, that he has been prevented without good cause from using the law library. Plaintiff may assert that this restriction violated his constitutional rights only to the degree he can show that his lack of access prevented him from presenting an otherwise meritorious legal claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996); <u>Gee v. Pacheco</u>, 627 F.3d 1178, 1191 (10th Cir. 2010). Plaintiff does not describe a judicial proceeding or claim which has been substantially hindered or compromised because of the limits on his access to the JCADC's law library. Therefore, Count Eight fails to state a plausible claim.

VIII. <u>Plaintiff's conclusory allegations regarding legal mail do not state a plausible claim.</u>

In Count Four plaintiff alleges: "This facility has opened my legal mail without me being present." In Count Eight plaintiff alleges: "I am charged for postage for out-going legal mail." Plaintiff does not identify who committed these actions, when and how often they happened, what the nature of the "legal mail" was, whether the actions were intentional or inadvertent, and whether

8

the actions significantly hindered his ability to present a substantial or meritorious legal claim. Plaintiff has presented only conclusory allegations which fail to provide plausible grounds for a § 1983 claim.

IX. Plaintiff has not stated an Eighth Amendment claim.

The Tenth Circuit reviewed the requirements for an Eighth Amendment violation in Jensen v. Garden, 752 Fed.Appx. 620, 624 (10th Cir. 2018):

> A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference includes both an objective and a subjective component. The objective component is satisfied if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). "[A] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component is satisfied if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837, 114 S.Ct. 1970. The subjective component is not satisfied where the plaintiff simply complains of an "inadvertent failure to provide adequate care, negligent misdiagnosis, or ... difference of opinion with medical personnel regarding diagnosis or treatment." Clemmons v. Bohannon, 956 F.2d 1523, 1529 (10th Cir. 1992); see also Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006) (noting that, "absent an extraordinary degree of neglect," the subjective component is not satisfied where a doctor exercises his or her "considered medical judgment").

When there is delay in medical care delivery, an inmate must show that he suffered "substantial harm," such as a lifelong handicap, permanent loss or considerable pain, to allege an Eighth Amendment issue. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).

Plaintiff's complaint indicates that he has been treated by a doctor and other medical personnel. Plaintiff asserts that there was a delay after the collision before he was allowed medical treatment, but he does not allege that this delay caused handicap, permanent loss or considerable pain. Plaintiff further asserts that he has requested an orthopedic consultation, an MRI and a CT-scan, but he does not allege that the rejection of these requests has caused plaintiff an injury or that the requests were rejected in reckless disregard to an excessive risk to plaintiff's health as opposed to the exercise of opinion regarding proper diagnosis and treatment. Finally, plaintiff alleges that he has been denied an extra mattress, an extra blanket, and an extra towel for use to relieve pain. He also claims that he was prevented from following a nurse's advice to relieve his back pain by soaking a towel in water, heating it in a microwave, and applying the warm towel to his back. Plaintiff, however, does not state that he was denied any medication or other measures relieve pain. Therefore, he has not alleged that there has been deliberate indifference to the conditions which cause him substantial pain.

X. Plaintiff does not state a claim under the Americans with Disabilities Act.

Plaintiff does not expressly allege a violation of the Americans with Disabilities Act (ADA). But, in Count Six, plaintiff references "reasonable accommodation" which is a phrase commonly associated with the ADA. In Count Two, plaintiff also alleges that he is housed on the second level in spite of his limited mobility and pain when he navigates the stairs.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff's allegations do not allege that he has been denied benefits, services, programs or activities of the JCADC because of a disability. See Hockaday v. Colorado Dept. of Corrections, 766 Fed.Appx. 572, 575 (10th Cir. 2019)(ADA prohibits discrimination on the basis of disability, not inadequate treatment for disability). Therefore, he has failed to state a claim for violation of Title II of the ADA.

XI. Motion for leave to proceed in forma pauperis

The court has reviewed plaintiff's motion and financial information and has determined that plaintiff should be granted leave to proceed in forma pauperis.

XII. Conclusion

Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is granted. The court shall grant plaintiff time until October 4, 2019 to show cause why the court should not dismiss this action or to file an amended complaint which corrects the deficiencies outlined in this order. An amended complaint should be written on the forms supplied by the court and should contain all the claims upon which plaintiff seeks to proceed. The amended complaint should not refer to the original complaint.

**IT IS SO ORDERED.**

Dated this 6th day of September, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge